# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| TONY TOOMBS, | ) |
|                 Plaintiff, | ) |
| v. | ) Case No. 1:13-cv-02041-TWP-TAB |
| BRUCE LEMMONS and JAMES BASINGER, individually and in his official capacity as Deputy Commissioner of IDOC, | ) |
|                 Defendants. | ) |

## ENTRY ON PENDING MOTIONS

This matter is before the Court on Plaintiff Tony Toombs ("Mr. Toombs") Motion for Information (Dkt. 14) and Motion to Appoint Counsel (Dkt. 15). The Court will address Mr. Toombs' motions in turn.

In his Motion for Information, Mr. Toombs ask the Court to explain "what exactly is going on" with his case. As an initial matter, the Court notes that the original complaint was dismissed as legally insufficient and Mr. Toombs was given the opportunity to file an amended complaint. He has not yet done so, but instead, has filed a Statement of Claims (Dkt. 16), suggesting that the original Complaint does not include all the claims and/or allegations he intends to present. Mr. Toombs shall have through **Friday, May 23, 2014** within which to file an amended complaint. In doing so, it will be his responsibility to include all intended claims including any viable claims set forth in his statement of claims. Once an amended complaint is filed as directed, it will be screened and an appropriate order issued thereafter. If an amended complaint is not filed as directed, the action will be dismissed because the viability of any claims cannot be determined until an amended complaint is filed.

In the Motion for Information, Mr. Toombs asks the Court to explain what the "screening process" will determine. Because Mr. Toombs is a "prisoner" as defined by 28 U.S.C. § 1915(h), his Complaint is subject to a screening process. "A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To satisfy the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must always ". . . allege enough facts to state a claim to relief that is plausible on its face." *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2010). Simply stated, the purpose of the screening process required by 28 U.S.C. § 1915A(b) is to identify and dismiss any legally insufficient claims and to direct the development of claims not dismissed as legally insufficient. In response the Mr. Toombs question regarding timing, screening takes place prior to service of process. That said, the Motion for Information (Dkt. 14) is **GRANTED.** A copy of the docket sheet and a copy of the Statement of Claims (Dkt 16) shall be included with Mr. Toombs' copy of this Entry.

The Motion for Appointment of Counsel (Dkt 15) is **DENIED** because (a) it is premature to take that step at this point, *see Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013), and (b) Mr. Toombs has not demonstrated that he has made reasonable efforts on his own to recruit

counsel from the private marketplace. *Farmer v. Haas,* 990 F.2d 319, 321 (7th Cir. 1993). If appropriate, Mr. Toombs may renew this motion at a later date.

**SO ORDERED.**

Date: 04/30/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Tony Toombs, #913171
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana 46064