# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| TONY TOOMBS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 1:13-cv-02041-TWP-TAB<br>) |
| BRUCE LEMMONS, JAMES BASINGER individually and in his official capacity as deputy commissioner of IDOC, RANDY SHORTS, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

This matter is before the Court for screening of the amended complaint, pursuant to the screening requirement of 28 U.S.C. § 1915A(b). For the reasons explained below, the amended complaint fails to survive screening and the Plaintiff Tony Toombs ("Mr. Toombs") shall be permitted the opportunity to file a second amended complaint.

## I.     Legal Standard

Title 28 U.S.C. § 1915A(b) statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

## II.     Background

Plaintiff Tony Toombs' amended complaint alleges that Bruce Lemmon, James Basinger and Randy Shorts violated his constitutional rights. Bruce Lemmon is the Commissioner of the Indiana Department of Correction ("IDOC"). James Basinger is the Deputy Commissioner of the IDOC. Randy Shorts is the Director of Classification for the IDOC. Mr. Toombs' claims are brought pursuant to 42 U.S.C. § 1983. He seeks compensatory, punitive and nominal damages.

Mr. Toombs alleges that the defendants violated his due process rights by intentionally failing to follow IDOC policy. Specifically, the defendants are allegedly responsible for transferring inmates and they failed to transfer him (for twenty months) to the appropriate long-term facility once a bed became available. As a result, Mr. Toombs "suffered mental deterioration and injury." He also alleges that the defendants subjected him to cruel and unusual punishment through his overly restrictive living conditions. However, no description of these living conditions is provided.

### III. Discussion

As presented, the amended complaint fails to state a claim upon which relief may be granted as to either claim. The Seventh Circuit Court of Appeals

> has consistently held that 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices. In other words, the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established.

*Thompson v. City of Chicago,* 472 F.3d 444, 454 (7th Cir. 2006) (internal quotations and citations omitted); *see also Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Accordingly, any claim based on the defendants failure to follow IDOC policies or even state law is insufficient to maintain a claim under § 1983.

In addition, Mr. Toombs claim that he was not placed in an appropriate facility in a timely manner fails as he had no due process or other right to be placed in any specific administrative segregation unit and he had no due process or other right to be free from placement in an "overly restrictive" unit at the facility he was housed at for twenty months, even if he thought it unjustified. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). Accordingly, there is no viable due process claim asserted in Mr. Toombs' complaint and the dismissal of that claim as legally insufficient is proper. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.").

Finally, to the extent Mr. Toombs alleges that his overly restrictive living conditions violated the Eighth Amendment this claim lacks facial plausibility. Mr. Toombs amended

complaint merely states that as a result of waiting for placement, he suffered mental deterioration and injury. As such, he has failed to plead sufficient factual content to allow the court to draw the reasonable inference that any defendant is liable for violating his Eighth Amendment rights. A "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The amended complaint is subject to dismissal because it fails to state a claim upon which relief may be granted.

## IV. Conclusion

Dismissal of the amended complaint will not lead to the dismissal of the case. Instead, Mr. Toombs shall have **through August 24, 2014,** in which **to file a second amended complaint.**

In filing a second amended complaint, Mr. Toombs should conform to the following guidelines: (a) the second amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the second amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the second amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury, and (d) the second amended complaint shall contain a clear statement of the relief which is sought. The plaintiff is further notified that A[u]nrelated claims against different defendants belong in different suits.@ *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If a second amended complaint is filed as directed above, it will be screened. If no second amended complaint is filed, this action will be dismissed for failure to state a claim.

**IT IS SO ORDERED.**

Date: 07/29/2014

*[Signature: Tanya Walton Pratt]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

TONY TOOMBS
913171
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel